UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COAST TO COAST CLAIM SERVICES, INC., | |
| Plaintiff, | No. 21 C 4641 |
| v. | Judge Thomas M. Durkin |
| RAYMOND YAGELSKI, III, AND BILLY MUSGROVE, | |
| Defendants. | |

MEMORANDUM OPINION AND ORDER

Plaintiff Coast to Coast Claim Services brought this action against defendants Raymond Yagelski, III and Billy Musgrove alleging they breached their fiduciary duties by forming and executing a plan to compete with Coast to Coast while employed by it. Now before the Court is Coast to Coast's motion for attorney's fees, R. 51. For the reasons that follow, the motion is granted.

## Background

Coast to Coast alleges Yagelski and Musgrove engaged in a scheme to steal its property and intellectual capital associated with the creation of an application for mobile devices.

The Court entered a temporary restraining order on September 2, 2021, ordering defendants to immediately turn over any Coast to Coast property, including source code for the mobile application. Mr. Yagelski was ordered to immediately disclose to Coast to Coast's counsel source codes for Yagelski's ClaimMate apps existing prior to March 5, 2021, as well as any and all repositories for applications

created after March 5, 2021 being stored on GitHub, an online platform where developers share their source code. Yagelski failed to comply, and Coast to Coast filed a motion for rule to show cause on September 15, 2021.

The parties exchanged a number of emails regarding discovery, and Yagelski continued to evade the Court's order, either by failing to provide any information at all or providing incomplete responses. Unable to obtain the information it sought, Coast to Coast filed a motion to compel on November 2, 2021, asking the Court to order Yagelski to comply with both the TRO and discovery requests pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37.2. The Court granted the motion, as well as the motion for rule to show cause, in an oral ruling on December 14, 2021.

## Legal Standard

Due to its "superior understanding of the litigation," the Court has considerable "discretion in determining the amount of a fee award." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The Court must "provide a reasonably specific explanation for all aspects of a fee determination," but its explanation "need not be lengthy." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 651 (7th Cir. 2011) (quoting *Perdue v. Kenny A.*, 559 U.S. 542, 558 (2010)). "The party seeking an award of fees" has the burden to "submit evidence supporting the hours worked and rates claimed." *Hensley*, 461 U.S. at 433.

## Analysis

Yagelski does not challenge the rates charged by Coast to Coast's counsel as inappropriate or excessive, and the Court finds them to be reasonably calculated. Yagelski's argument is that the actions taken by Coast to Coast in filing a petition for rule to show cause, as well as a motion to compel, were unnecessary, and therefore attorney's fees related to the "unnecessary" filings should not be granted. The Court has already ruled that is not the case.

The vast majority of defendants, when faced with a TRO, comply with it. When this Court entered a TRO on September 2, 2021, however, Yagelski failed to do so. Coast to Coast attempted to obtain the GitHub repository information and other requested discovery responses numerous times, sending at least one Rule 37.2 letter and two emails. Yagelski's counsel responded within a few days to the emails with assurances that responses were forthcoming, but that he was waiting on Yagelski. The deficiencies were not cured. Based on this information, the Court found Coast to Coast's motion to compel, as well as its motion for rule to show cause, were undoubtedly warranted, and any argument here that attorney's fees related to those motions should not be granted essentially challenges a ruling the Court has already made.

Coast to Coast took appropriate action when Yagelski failed to provide the information he was ordered to turn over. This is further illustrated by the fact that he is apparently still refusing to provide source code, documents, or other information responsive to the discovery requests in this case. The Court is not persuaded by

Yagelski's argument that Coast to Coast incurred costs through their own fault because Mr. Herman provided the incorrect username for his GitHub account. Yagelski has now had the correct username since at least November, and Coast to Coast is still struggling to obtain the information from the repository that Yagelski has been ordered to provide.

No challenge has been made to the hourly rates provided by Coast to Coast's counsel, and the Court finds the hours worked and rates claimed are reasonable. Coast to Coast has taken appropriate measures to obtain compliance with discovery, and it should not be required to pay its attorneys for Yagelski's failure to comply with a clear, unequivocal court order.

## Conclusion

For the foregoing reasons, Coast to Coast's motion for attorney's fees, R. 51, is granted in the full amount of $9,077.50.

ENTERED:

*Thomas M Durkin*
Honorable Thomas M. Durkin
United States District Judge

Dated: February 10, 2022