UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COAST TO COAST CLAIM SERVICES, INC., | |
| Plaintiff, | No. 21 C 4641 |
| v. | Judge Thomas M. Durkin |
| RAYMOND YAGELSKI, III, AND BILLY MUSGROVE, | |
| Defendants. | |

MEMORANDUM OPINION AND ORDER

Plaintiff Coast to Coast Claim Services ("Coast") brought this action against defendants Raymond Yagelski, III and Billy Musgrove alleging they breached their fiduciary duties by forming and executing a plan to compete with Coast while employed by it. Now before the Court is Yagelski's motion to dismiss, R. 46. That motion is denied.

Background

Coast connects insurance adjusters with inspectors to assist in providing reports for insurance claims. Michael Bader, the president of Coast, hoped to implement his concept of a mobile application ("the App") that could be used by various professionals involved in the roofing damage insurance industry to process claims. In March 2021, Coast hired Yagelski as a project manager to help with the creation of the App. On March 3, 2021, Yagelski signed a Confidentiality and Non-Disclosure Agreement covering his work with Coast.

Yagelski had unrestricted access to all Coast data and information during his time there, and the parties agreed that any software developed as part of the App project was Coast property. He supervised multiple in-house software developers at Coast and retained additional developers in China (whose fees were paid by Coast) to work on the App. He reported to and was supervised by Bader.

At some point in June 2021, Yagelski requested that Coast hire Musgrove as a consultant. Musgrove was brought on to market and sell Coast services. He remained with Coast until his employment was terminated on August 17, 2021. Yagelski resigned from his position at Coast on August 25, 2021.

Coast filed its complaint on August 30, 2021, alleging Yagelski and Musgrove engaged in a scheme to steal its property and intellectual capital associated with the App. Specifically, Coast alleges Yagelski and Musgrove prepared sales pitches and documents to market the App as a separate app called ClaimMate, and denied or misrepresented Coast's ownership of the App, all while using Coast source code. Coast brought claims for breach of fiduciary duty, conspiracy to breach a fiduciary duty, and fraud. Yagelski moved to dismiss on December 7, 2021, arguing Coast has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## Legal Standard

A Rule 12(b)(6) motion challenges "the sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of

the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## Analysis

### I. Breach of Fiduciary Duty and Conspiracy to Breach Fiduciary Duty

Yagelski argues the fiduciary duty claims must fail because Coast has failed to allege Yagelski owed it a fiduciary duty. To state a claim for breach of fiduciary duty, a plaintiff must allege: (1) the existence of a fiduciary duty; (2) the defendant's breach of the duty; and (3) damages proximately resulting from the breach. *Covenant Aviation Security, LLC v. Berry*, 15 F. Supp. 3d 813, 820 (N.D. Ill. 2014). In seeking dismissal of the claims for breach and conspiracy to breach a fiduciary duty, Yagelski

3

only challenges whether Coast has sufficiently alleged a fiduciary duty, so the Court focuses its analysis on this element.

In Illinois, a fiduciary duty can arise in two scenarios: (1) automatically, pursuant to specific legal relationships such as principal-agent relationships; or (2) by virtue of circumstances unique to the parties' relationship, where one party places special trust in another, causing the latter to gain superiority and influence over the former. *Landale Signs & Neon, Ltd. V. Runnion Equip. Co.*, 2016 WL 7409916, at *4 (N.D. Ill. Dec. 22, 2016).

If Yagelski was an agent of Coast, a fiduciary relationship automatically arose. The question of whether a person is an agent or an independent contractor turns primarily on the level of control they retain over the performance of their work. *Lawlor v. N. Am. Corp. of Illinois*, 983 N.E.2d 414, 427 (Ill. Oct. 18, 2012). In a principal-agent relationship, the principal retains the right to control the manner and method in which the agent carries out their work, while an independent contractor "undertakes to produce a given result but in the actual execution of the work is not under the orders or control of the person for whom he does the work but may use his own discretion in things not specified." *Id*.

Coast refers to Yagelski as an independent contractor, says it hired Yagelski as such, but then argues he was its agent. Yagelski, of course, argues he was an independent contractor. Importantly, the existence and extent of an agency relationship is a question of fact, and to survive a 12(b)(6) motion, a plaintiff need only sufficiently allege that the relationship existed. *See MJ & Partners Restaurant*

*Ltd. P'ship v. Zadikoff*, 10 F. Supp. 2d 922, 931 (N.D. Ill. 1998); *see also Chemtool, Inc. v. Lubrication Techs., Inc.*, 148 F.3d 742, 746 (7th Cir. 1998) ("[T]he existence and scope of an agency relationship are questions of fact, to be decided by the trier of fact." (quoting *Valenti v. Qualex, Inc.*, 970 F.2d 363, 367 (7th Cir. 1992))).

Here, Coast has sufficiently alleged that Yagelski owed a fiduciary duty by nature of his relationship with Coast. Yagelski was hired as a project manager to develop the App and was paid a weekly salary. When he requested to retain developers in China to assist on the project, he was permitted to do so. He oversaw both in-house developers and those in China, and they reported directly to him. He possessed all source code for the App, and at least some of that code was so secure that the in-house developers had to ask him for access to it (and he apparently withheld it). R. 49, at 3-4. He also convinced Coast to hire Musgrove. The Court finds, based on these facts, Coast has adequately alleged Yagelski was in a position of trust and influence.[1] *MJ & Partners*, 10 F. Supp. 2d at 932. The extent of control Coast had over his actions is a fact-specific inquiry not suited for a motion to dismiss. At this stage, Coast has sufficiently pled that the parties were in a fiduciary relationship.

---

[1] Yagelski relies on *Jackson v. Bank of New York*, 62 F. Supp. 3d 802 (N.D. Ill. 2014) and *McGlenn v. Driveline Retail Merch., Inc.*, 2021 WL 4301476 (C.D. Ill. Sept. 21, 2021) to support his arguments that he did not possess enough influence over Coast to make him a fiduciary. R. 46 at 3; R. 50 at 3. Both of these cases were decided at the summary judgment stage and are not persuasive to the Court while deciding a motion to dismiss.

## II. Fraud

In addition to the pleading requirements set forth in Rule 8, a party alleging fraud or mistake "must state with particularity the circumstances constituting [the] fraud or mistake." Fed. R. Civ. P. 9(b). To meet this particularity requirement, "a plaintiff ordinarily must describe the 'who, what, when, where, and how' of the fraud." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 441-42 (7th Cir. 2011) (quoting *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009)). Yagelski argues Coast has failed to meet this standard for pleading fraud. This argument fails as well.

Coast has met the requirements for pleading fraud under Rule 9. It has alleged the 'who': Yagelski and Musgrove; the 'what': conspiring to compete with Coast and the subsequent intentional failure to disclose their wrongful conduct; the 'when': from March 2021 until August 25, 2021 while employed at Coast; the 'where': in Coast's Mokena, Illinois office; and the 'how': by withholding and misrepresenting material information to Coast in the parties' communications. Yagelski contends Coast has not been specific enough as to the dates of the fraudulent omissions, the names of individuals involved, or the content of the misrepresentations/omissions. R. 46 at 6. But Coast has narrowed the date range to five months and identified multiple dates where Yagelski met with Coast personnel and could have disclosed his wrongdoing. It has also identified those Coast personnel by name throughout the complaint. Furthermore, Coast has alleged the content Yagelski had a duty to disclose was that

6

he (along with Musgrove) was misrepresenting Coast's property as his own ClaimMate software. R. 1 at 11-13.

Overall, Coast has presented enough facts to allege Yagelski had a duty to disclose his wrongdoing and declined to do so. These facts meet the heightened particularity standard and are all Coast needs to allege at the pleading stage.

## Conclusion

For the foregoing reasons, Yagelski's motion to dismiss, R. 46, is denied.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: May 5, 2022